UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

BRIAN PRESCOTT,
Plaintiff

v.

ATALIAN GLOBAL SERVICES, INC.
Defendant

## COMPLAINT AND JURY DEMAND

### PARTIES

1. Plaintiff Brian Prescott ("Plaintiff") is a resident of Braintree, Norfolk County, Commonwealth of Massachusetts.

2. Defendant Atalian Global Services, Inc. ("Defendant"), is a corporation organized under the laws Delaware, having a principal place of business in New York, New York.

### FACTUAL ALLEGATIONS

3. Starting on or about July 2020, Defendant employed Plaintiff as its Regional Vice-President.

4. By its agents, Defendant promised to pay Plaintiff a salary and performance payments based on his meeting non-discretionary, mathematically determinable performance objectives, including earnings before interest, taxes, and amortization. Hereinafter, this promised payment will be referred to as the "performance payment."

5. Plaintiff performed his work from Defendant's office in Braintree, Massachusetts.

6. The conditions for achieving a performance payment and amount of the performance payment Defendant promised to pay Plaintiff, which ran from January 1, 2020 to December 31, 2020, are set forth in a document Defendant entitled, "Management Incentive Program-Regional Leadership" ("MIP").

7. By his performance, on or before December 31, 2020, under the terms of the MIP, Plaintiff met the objective, mathematically determinable criteria necessary to have earned a performance payment of no less than $148,500.00.

8. Under the terms of the MIP, Plaintiff was due the performance payment he earned on or before March 15, 2021.

9. Defendant did not pay the performance payment Plaintiff had earned under the MIP on or before March 15, 2021, as it promised.

10. Plaintiff's last day of work was August 13, 2021.

11. Defendant did not pay Plaintiff the performance payment he had earned on or before August 13, 2021, and has not paid it to him as of the date of the filing of this Complaint.

12. In addition, as of August 13, 2021, Defendant owed Plaintiff approximately 60 hours of accrued vacation pay, having a value of at least, $5,480.00, and one week of salary, having a cash equivalent value of no less than $3,653.85.

13. Defendant did not pay Plaintiff his accrued vacation pay or his unpaid salary in full on or before August 13, 2021, nor has it paid it to him as of the date of the filing of this Complaint.

**JURISDICTION AND VENUE**

14. Plaintiff is a citizen of Massachusetts and Defendant is a citizen of Delaware. There is therefore complete diversity between the parties to this action.

15. Moreover, the amount in controversy exceeds $75,000, exclusive of interest and costs.

16. This Court, therefore, has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.

17. Venue is appropriate in this Court because Plaintiff resides in Braintree, which is in this judicial district, and he performed work for Defendant in Braintree, which is also in this judicial district.

## COUNT I
### Breach of Contract - Failure to Pay Performance Payment

18. All allegations set forth herein are incorporated by reference.

19. By the terms of the MIP, Defendant agreed to pay Plaintiff a performance payment based on his performance of objectively measurable conditions.

20. Plaintiff performed all conditions, covenants, and promises required of him to earn his performance payment under the MIP.

21. Defendant has not paid Plaintiff the performance payment it agreed to pay him, thereby breaching its agreement with Plaintiff.

22. As a proximate result of Defendant's breach, Plaintiff has suffered harm, injury, and damages.

## COUNT II
### Failure To Pay Wages
### Violation Of G.L. c. 149, § 148

23. All allegations set forth herein are incorporated by reference.

24. Defendant's employment of Plaintiff was subject to G.L. c. 149, § 148, the Massachusetts Wage Act ("the Wage Act").

25. Under the Wage Act, a covered employer must pay an employee all earned wages due and owing him no later than his date of discharge.

26. Wages under the Wage Act are earned when an employee has performed the labor necessary to earn them.

27. Earned wages subject to the Wage Act include any hourly wage, salary, performance payment, "commissions," or incentive payment that can be determined to a mathematical certainty by the performance of objectively established conditions.

28. By Plaintiff's last day of work on April 7, 2021, Plaintiff had by his labor earned a performance payment in the amount of no less than $148,500.00 under the objective criteria Defendant established in the MIP.

29. Defendant did not pay Plaintiff his performance payment on or before August 13, 2021, and indeed, has never paid it to him.

30. Under the Wage Act, Defendant cannot, by any provision in the MIP, or other "special contract," or for any other reason, enforce or establish any condition that might purport to cause Plaintiff to forfeit any earned waged, including any provision in the MIP purporting to vest Defendant with the discretion to change the terms of the MIP, or retain the right not to pay the performance payments promised.

31. Defendant has violated G.L. c. 149, § 148 by failing to pay Plaintiff the performance payment due and owing him.

32. As a proximate result of Defendant's illegal conduct, Plaintiff has suffered harm, injuries, and damages.

33. Plaintiff has satisfied all administrative prerequisites to suit under G.L. c. 149, § 150.

## COUNT III
## Breach Of Contract/Breach Of The Implied Covenant
## Of Good Faith And Fair Dealing

34. All allegations set forth herein are incorporated by reference.

35. There is a covenant of good faith and fair dealing implied in all contracts.

36. Defendant breached the implied covenant of good faith and fair dealing by depriving Plaintiff of the performance payment he earned under the terms of the MIP.

37. As a proximate result of Defendant's breach, Plaintiff has suffered harm, injury, and damages.

## COUNT IV
## Promissory Estoppel
## *Plaintiff v. Defendant*

38. All allegations set forth herein are incorporated by reference.

39. In making the aforementioned promises, assurances, or representations to Plaintiff, Defendant, by its agents, knew or should have known that Plaintiff would reasonably rely on its promises, assurances, or representations regarding its promise to pay the performance payment, and perform the work he performed, as described above, in reliance on its promise.

40. Defendant has not performed its promises, assurances, and representations that Plaintiff would be paid the performance payment for meeting the criteria established in the MIP.

41. Injustice can be avoided only by enforcing Defendant's promises, assurances, or representations completely.

42. As a result of Defendant's failure to perform according to its promises, assurances, or representations, Plaintiff has sustained harm, injury, and damages.

## COUNT V
### Unjust Enrichment/ *Quantum Meruit*
### *Plaintiff v. Defendant*

43. All allegations set forth herein are incorporated by reference.

44. As alleged herein, Defendant did not exercise good faith in failing to pay Plaintiff the promised performance payment.

45. As a direct and proximate result of Defendant's conduct as alleged herein, Plaintiff has been deprived of the performance payment he earned by working for Defendant. The unpaid performance payment remains in Defendant's possession and control. As a result, Plaintiff has conferred a substantial monetary benefit on Defendant, which Defendant knew of, appreciated, accepted, and retained.

46. By way of Defendant's conduct, Defendant has been unjustly enriched to the extent Defendant has failed to pay Plaintiff the performance payment due Plaintiff.

47. As such, Defendant's acceptance and retention of the monetary benefit alleged herein has occurred under circumstances which make it inequitable if a restitution payment is not made to Plaintiff to disgorge Defendant of ill-gotten profits derived from its failure to pay Plaintiff the performance payment due and owing him.

48. Plaintiff reasonably expected to be paid his performance payment by Defendant but was not.

49. As a proximate result of Defendant's conduct, Plaintiff has suffered harm, injuries, and damages.

## COUNT VI
## Misrepresentation (Intentional and Negligent)
### *Plaintiff v. Defendant*

50. All allegations set forth herein are incorporated by reference.

51. Defendant, through its duly authorized agents has made intentional or negligent misrepresentations to Plaintiff about payment for his services, including that he would be paid a performance payment based on his performance of objectively measurable criteria.

52. Plaintiff relied on those representations to his detriment, including by performing work he reasonably believed would require Defendant to pay him a performance payment.

53. Despite this, Defendant did not pay Plaintiff his earned performance payment, but retained for itself the amount of the performance payment it owed him.

54. As a proximate result of Defendant's conduct, Plaintiff has suffered harm, injuries, and damages.

## COUNT VII
## Violation of the Wage Act
## Failure to Pay Accrued Vacation Pay

55. All allegations set forth herein are incorporated by reference.

56. Under the Wage Act, a covered employer has to pay a covered employee all their accrued vacation pay by the last day of the employee's employment.

57. Defendant violated the Wage Act because it did not pay Plaintiff all his accrued vacation pay by the last day of his employment, which was August 13, 2021.

58. Defendant's illegal conduct has caused Plaintiff to suffer harm, injury, and damages.

## COUNT VIII
## Violation of the Wage Act
## Failure to Pay Accrued Salary by Last Day of Employment

59. All allegations set forth herein are incorporated by reference.

60. Under the Wage Act, a covered employer has to pay a covered employee all their earned salary pay by the last day of the employee's employment.

61. Defendant violated the Wage Act because it did not pay Plaintiff all his earned salary by the last day of his employment, which was August 13, 2021, 2021.

62. Defendant's illegal conduct has caused Plaintiff to suffer harm, injury, and damages.

## JURY DEMAND

PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL CLAIMS SO TRIABLE.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

A. Judgment awarding Plaintiff his unpaid performance payment, accrued vacation pay, along with treble damages, attorneys' fees and costs, including as mandated by G.L. c. 149, § 150;

B. An award of pre- and post-judgment interest on all amounts awarded at the highest rate allowable by law; and

C. All such other and further relief to which Plaintiff may show himself to be justly entitled.

        Respectfully submitted,

        PLAINTIFF BRIAN PRESCOTT

        By his attorney,

        s/Daniel W. Rice
        Daniel W. Rice, BBO # 559269
        HARRINGTON & RICE, P.C.
        25 Braintree Hill Office Park, Suite 200
        Braintree, Massachusetts 02184
        (781) 964-8377 (mobile)
        dwr@harringtonrice.com

Dated:  August 16, 2021